*Margin note:* CONNOLLY *v.* AUTENRIETH.

---

## SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

A transaction signed by a married woman without the authorization of her husband, if subsequently ratified by her, with the assent of her husband, will be obligatory.

THE judgment of the court, on an application for a re-hearing made in this case by the counsel for the appellants, was pronounced *(Slidell, J.* not sitting,) by

. KING, J. In the opinion heretofore read in this cause we said, that the rights of the parties depended entirely upon the agreement entered into between them on the 11th November, 1846, which we held to be a compromise.

The terms of the agreement leave no doubt as to the intentions of the parties. It is admitted that *Sarah Connolly* stipulated: 1st, to convey to her mother a piece of property, designated as the homestead, free from a mortgage with which it was then encumbered. 2dly, that she admitted that an adjoining lot of ground, title to which then stood in her name, had been devised by her deceased brother, *Felix Connolly*, to the children of *Mrs. Elliott*, and became bound to convey title to them, if the act be obligatory. These are the two obligations which she

CONNOLLY
v.
AUTENRIETH,

incurred, in consideration of which the remaining heirs of the deceased abandoned the succession of *F. Connolly* in her favor.

It is contended, in the application for re-hearing that, in giving effect to 'this instrument, important principles of law have been violated, in this, that the instrument is neither signed by *Mrs. Connolly, Mrs. Elliott*, nor *John Connolly*, whose assent to the stipulations is not otherwise proved; and that *Mrs. Mitchell* was a married woman acting without the authorization of her husband. In view of these supposed defects, it is asserted, with apparent seriousness, that the instrument must be treated as a nulliiy.

Two important facts appear to have escaped the attention of counsel: 1st. That the defendant, prior to the inception of this suit, had actually executed the agreement as far as relates to her mother, by making to the latter a donation by public act of the property described as the homestead, and that in her answer filed in the cause she has not asked the revission of the motion. To this extent she has given voluntary effect to the agreement.

2dly. That *Mrs. Mary Connolly, John Connolly, Mrs. Elliott*, and *Mrs. Mitchell*, are all parties plaintiff in this action; that the two latter are joined and assisted by their husbands, and that in their petition they make the following averment: "Your petitioners further show that the said *Sarah Connolly* acknowledged in writing after the death of *Felix Connolly*, that the two adjoining lots (describing them,) belonged to the children of your petitioner *William Elliott*, and was bequeathed to them by their deceased uncle, *Felix Connolly*, which was done to avoid litigation, and which acknowledgement, being founded in fact, your petitioners are desirous should be confirmed." The prayer of the petition is in accordance with this averment.

This is certainly an affirmance of the agreement in the most express terms, by all the parties, and as regards the married women the affirmance is made with the authorization of their husbands. No circumstance occurred between the date of the agreement and the commencement of this suit indicating an intention on the part of the defendant to repudiate the contract, or treat it as null, because it had not been signed by all the parties, or because two of the parties were not authorized by their husbands to enter into it, or for any other cause. But, on the contrary, she went on, as we have seen, to fulfil the most important and onerous of its stipulations.

As regards the second stipulation, we have her acknowledgement in writing that a certain lot belongs to the children of *Mrs. Elliott*, in virtue of a bequest made by their uncle *Felix Connolly*. Her co-heirs admit the same fact in their petition, and ask that the property be decreed to the minors. If the agreement were liable to all the objections urged by the defendant's counsel, it would still be valid as her admission of the right of property in the children of *Mrs. Elliott*.

It did not escape our attention, on the first examination of the cause, that the district judge had deviated in his decree from the precise terms of the agreement, by awarding to the minor children of *Mrs. Elliott* a sum of money, instead of the specific property claimed. Not only is the fact adverted to in our opinion, but, before rendering the decree, the attention of one of the defendants' counsel was specially directed to it, and to the circumstance that it was not made the subject of complaint in his brief. Enquiry was made into the reasons of the district judge for this part of his decree, and whether, in the event of effect being given by this court to the agreement as a compromise, the silence of the defendant was to be considered as an assent that the sum awarded was a fair equivalent for the property claimed. No answer having been made, after reasonable delay, we

concluded from the continued silence of the defendant, after notice, that this fea-
ture of the judgment was not objected to.   The first complaint made was upon
the application for a re-hearing.   Neither arguments nor authorities were neces-
sary to satisfy us of the error into which the district judge had fallen on this
point.   The error was manifest, and had attracted our notice, and we only desired
to be informed whether the defendant considered it more onerous than a judg-
ment for the specific property, and desired its correction.   The original decree
must be changed as regards the children of *Mrs. Elliott* to one for the lot
claimed.

It is, therefore, ordered that so much of the judgment appealed from as awards
to *Eleanor Connolly*, as tutrix of her minor children *Mary G. Elliott* and *Wil-
liam Elliott*, the sum of $1,500, with legal interest, be reversed; and that said
*Eleanor Connolly*, as tutrix of her said minor children, recover of the defendant
*Sarah Connolly*, the lot of ground claimed by them in the petition, to wit, lot
number nine in the square bounded by Colyseeum, Robin, Magazine and Race
streets, in faubourg Annunciation, in Municipality no. Two, of the city of New
Orleans, according to a plan drawn by Joseph Pilié, on the 24th November, 1838,
and deposited as plan no. 19, in the book of plans of J. B. Marks, notary public.
In other respects, the judgment appealed from is affirmed; the appellees paying
the costs of this appeal, and the defendants those of the court below.